IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| EDWARD M. LITTLE, | : | |
| --- | --- | --- |
| | : | 4:09-cv-481 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| RICARDO MARTINEZ, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## January 21, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.9), filed on December 29, 2009, which recommends that the petition of Edward M. Little ("Petitioner" or "Little"), for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. No objections to the R&R have been filed by any party.[1]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by January 15, 2010.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. PROCEDURAL BACKGROUND

Petitioner, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 16, 2009. (Doc. 1). The Petitioner also filed a brief in support of his Petition. Named as the respondent is Ricardo Martinez, Warden at FCI-Allenwood (hereinafter "Respondent"). After service, the

Respondent filed a response and exhibits. Petitioner then filed a traverse and a motion for summary judgment.[2]

Within the Petition, the Petitioner challenges the authority of the Bureau of Prisons as it relates to the collection of a $200 special assessment and his participation in the Inmate Financial Responsibility Program ("IFRP"). Specifically, the Petitioner alleges that only the sentencing court has the ability to collect the fines from him or set a schedule by which those fines are to be paid. On December 29, 2009, Magistrate Judge Mannion filed the instant R&R, recommending dismissal of the Petition.

### III. DISCUSSION

Magistrate Judge Mannion aptly notes that the Petition, inasmuch as it attacks the execution of Petitioner's sentence, is properly brought pursuant to 28 U.S.C. § 2241. Magistrate Judge Mannion recommends that the petition be dismissed as moot because the Petitioner has paid any and all court-ordered fines and is not longer a participant in the IFRP. Moreover, at the time the Petition was filed, Petitioner's fines were fully paid and he was no longer an IFRP participant.

---

[2] The one-page motion for summary judgment was not supported by a brief as required by L.R 7.5, thus, it is deemed to be withdrawn.

As we have already mentioned, neither Respondents nor the Petitioner have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.